

THE CITY OF NEW YORK

**LAW DEPARTMENT**

100 CHURCH STREET
NEW YORK, NY 10007

MICHAEL A. CARDOZO
*Corporation Counsel*

GAIL RUBIN
*Chief, Affirmative Litigation Division*
Phone: 212-788-0999
Fax:  212-788-1633
grubin@law.nyc.gov

February 21, 2008

Hon. Jack B. Weinstein
United States District Court Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  Hart v. Community School Board, 72 CV 1041

Dear Judge Weinstein:

We submit this letter on behalf of defendant Joel I. Klein, Chancellor of the City

School District of the City of New York to reply to the February 18, 2008 letter submitted by

James I. Meyerson on behalf of the plaintiffs and plaintiff class.  Plaintiffs appear to take the

position that the Remedial Order governing Mark Twain was terminated in 1990 and the case

was dismissed, even though "it does not appear that the Court actually issued a written Order in

that regard."  Letter dated February 18, 2008 from James I. Meyerson, Attorney for Plaintiffs to

Hon. Jack B. Weinstein ("Meyerson Letter") at 8 & n.9.  Plaintiffs' position appears to be that

the Court should decline to issue an order now or should issue only a narrow order "formalizing"

its prior purported dismissal of the case  Id. at 9-10.  This position that the 1990 Decision –

which denied an order directing the Chancellor to provide fully subsidized contract busing of

out-of-district students to Mark Twain -- released defendants from complying with the entire

Remedial Order, even though it did not so state, has no support in either fact or law.  The fact is that the Remedial Order remained in effect after 1990, as evidenced by defendants' letters to the Court, and the Court's orders.  The law is that the Remedial Order remains binding until the Court  issues a clear statement of intent in order to terminate the decree.  Board of Education v. Dowell, 498 U.S. 237, 246, 111 S. Ct. 630, 636 (1991).  As that has not yet happened here, the Remedial Order remains in effect, hopefully to be terminated as a result of defendant's motion.

First, we note that plaintiffs do not dispute that defendant has brought forth sufficient evidence to demonstrate compliance with the Remedial Order and the absence of "vestiges."  Hence, plaintiffs have no basis for opposing on the merits defendant's request to terminate the Remedial Order, dismiss the action and end the race-based admission requirement as imposed by the Court through the Remedial Order.  Although plaintiffs appear to take the position that the relief sought by defendant is moot, since in plaintiffs' view the case was dismissed in 1990, they do not dispute the facts presented by defendants as to compliance as of now.

Second, as a matter of fact, the Remedial Order remained in effect after the 1990 decision, as evidenced by the actions of both the defendants and the Court.  For example, in February and March of 1993, this Court entered orders modifying the District 21 remedy plan to extend the "magnet/free choice concept to all District 21 schools."  See Ex. A (#442 and #443 in court file).  In April 1995, this Court entered an order modifying the District 21 remedy plan to allow the inclusion of District 21 schools in a federal magnet grant proposal, see Ex. B (#444 in court file), and entered similar orders in 2004 and 2007.  See Ex. C (#447 and #448 in court

docket).  Thus, the defendants continued to operate under the terms of the Remedial Order, and the Court, in fact, continued exercising jurisdiction in the case.

Third, <u>Dowell</u> makes clear that there is a difference between an order finding a school system to be "unitary,"[1] and an order terminating the school desegregation litigation, relieving defendants from ongoing court supervision, and ending defendants' obligation to comply.  The <u>Dowell</u> Court held:

> The District Court's 1977 order is unclear with respect to what it meant by unitary and the necessary result of that finding.  We therefore decline to overturn the conclusion of the Court of Appeals that while the 1977 order of the District Court did bind the parties as to the unitary character of the district, it did not finally terminate the Oklahoma City school litigation.  In <u>Pasadena City Bd. of Education v. Spangler</u>, 427 U.S. 424, 49 L. Ed. 2d 599, 96 S. Ct. 2697 (1976), we held that a school board is entitled to a rather precise statement of its obligations under a desegregation decree.  If such a decree is to be terminated or dissolved, respondents as well as the school board are entitled to a like statement from the court.

<u>Dowell</u>, 498 U.S. at 246, 111 S. Ct. at 636; <u>see also</u> 498 U.S. at 257 n.3, 111 S. Ct. at 641 n.3

(Marshall, J., dissenting).  Thus, this Court's 1990 order is not sufficient to relieve the defendants

---

[1] The Court in <u>Dowell</u> explicitly noted that a determination of "unitary" status meant different things in different lower courts:  in some cases, it meant that the school system had "completely remedied all vestiges of past discrimination."  In other cases, however, unitariness has meant no more than a finding that a school district "has currently desegregated student assignments, whether or not that status is solely the result of a court-imposed desegregation plan." 498 U.S. at 245, 111 S. Ct. at 635-36.  <u>See also</u> <u>Hampton v. Jefferson County Bd. of Educ.</u>, 72 F. Supp. 2d 753, 770-71 (W.D. KY 1999).  It is unlikely that this Court intended its 1990 Decision to constitute a termination of the Remedial Order, given that the only issue at stake in the hearing was out-of-district busing, and no party had sought termination.

from the obligation of continued compliance with the Remedial Order, and in fact, defendants continued to comply.  Id; see also Consumer Advisory Board v. Glover, 989 F. 2d 65, 67 (1st Cir. 1993) (1978 consent order was not terminated by 1983 order because Dowell requires a clear statement of intent to terminate decree signaled by a district court saying that "the decree is terminated" or use of "any similar phrase.");  Hampton v. Jefferson County Bd. of Educ., 72 F. Supp. 2d 753, 765-774 (W.D. KY 1999) (although court removed case from active docket in 1978 and declared successful implementation of desegregation order, court did not "directly or unambiguously dissolve the decree").

As the First Circuit described, this standard is "eminently sensible," and means "that those subject to a decree know that, absent such a statement, their obligations continue . . . and that those who secured or are protected by the decree will be on notice if and when a decree is terminated, so that they can oppose or appeal this crucial decision."   Id. at 67.   This clear statement requirement is especially important with ongoing orders, as the case may involve a period of active involvement, a withdrawal from active involvement or even closing the case in official records,[2] though "the decree may live on as a legal obligation," with the court's authority to enforce "always capable of being reawakened."   Id.   This Court's Decision in 1990 did not terminate the Remedial Order, and did not excuse defendants from complying with its terms.

In sum, defendant here is seeking an order terminating the 1974 Remedial Order and the race-based admission percentage required by the Remedial Order.  Such an order will make clear

---

[2] Contrary to plaintiffs' suggestion, the Hart case was not "closed" by the clerk in 1990, but in 1979 (as indicated on the docket sheet), though the "closing" of the case, as indicated above in text, is not at all dispositive of this issue.

that defendants are no longer bound by the Remedial Order; the Remedial Order will be terminated and the case dismissed.[3] All parties are entitled to "a precise statement from a district court . . . a detailed explanation of how the standards for dissolution have been met," because of the "sheer importance of a desegregation decree's objectives." <u>Dowell</u>, 498 U.S. at 256, n.3, 111 S. Ct. at 641 n.3 (Marshall, J., dissenting).   Even if plaintiffs are not concerned with a clear statement that the Remedial Order is over, defendant, potentially subject to the possibility of contempt, is quite concerned, and under the law, is entitled to such clarity.

Thank you for your consideration.

Respectfully submitted,

Gail  Rubin

---

[3] It appears that proposed intervenors seek similar relief in part.   (Proposed Complaint in Intervention, Relief, ¶¶D,E).   Any other relief sought in the proposed complaint is not at issue on this motion at this time.

To:

James I. Meyerson
64 Fulton St., Suite 502
New York, NY 10038
212-226-3310
Attorneys for Plaintiffs

Michael E. Rosman
Center for Individual Rights
1233 Twentieth St. NW, Suite 300
Washington, DC 20036
202-833-8400
Attorneys for Proposed Intervenors

And by email on the following:

Angela Ciccolo
Interim General Counsel
Victor Goode
Assistant General Counsel
National Association for the Advancement of Colored People
4805 Mt. Hope Drive
Baltimore, MD 21215
vgoode@naacpnet.org
Attorneys for Plaintiffs

Parents Association of Mark Twain
Mark Twain Intermediate School, Room 235
2401 Neptune Avenue
Brooklyn, NY 11224
PA@Twain239.org
PRO SE Intervenor

6

EXHIBIT A

# COMMUNITY SCHOOL DISTRICT 21



DONALD WEBER
COMMUNITY SUPERINTENDENT

February 1, 1993

Honorable Jack B. Weinstein
United States Court House
225 Cadman Plaza East
Brooklyn, New York 11201

RE: 72 CV 1041 (JBW)



Dear Judge Weinstein:

In 1975, you were the presiding judge in the case of Hart vs. the Board of Education. Your decision, in the main, held that Mark Twain Junior High School (239) was unconstitutionally segregated as a result of past actions by the local school board and its predecessors. You also found that the segregated pattern of public housing agencies in Coney Island housing projects was reflected in the racial imbalance at Mark Twain. The "Remedy Plan" submitted by our Community School Board was selected by you over that submitted by the NAACP. The "Remedy Plan" provided that Mark Twain Junior High School be converted into a school for gifted and talented children. Its racial composition would be 70% white and 30% minority, the school district's pupil population ratio at that time. In addition, the "Remedy Plan" provided that all intermediate/junior high schools be integrated as close to that ratio as possible. During the intervening years, we have continued to implement the approved "Remedy Plan". We have carefully monitored the ethnic mix of the school in order to maintain effective integration and prevent racial isolation.

Subsequent to that decision, you approved two (2) modifications that expanded our intra-district free choice/magnet plan to 21 additional designated schools. This has proven highly successful in eliminating, reducing and preventing racial isolation within our district. As a result of our continuing evaluation, the implications of the Chancellor's New School Choice Program, and extensive consultation with parents and staff, we request further modification to our plan to extend the magnet/free choice concept to all District 21 schools. All 28 schools will participate, designated as either sending or receiving schools in our Magnet/Free Choice Program.



Honorable Jack B. Weinstein                                    Page 2.
February 1, 1993

Therefore, this resolution will be presented to the Community School Board at their
next public meeting on February 6, 1993. Since the Board is in total agreement with
the concept, approval should be forthcoming.  I will send you the documentation of this
fact as soon as the vote is taken.

We contacted all interested parties regarding this order and have received no
objections.

We intend to reapply for funding under the Magnet Schools Assistance Program for
the period of September 1993 through August 1995.  We desperately need this
monetary support to continue to have the capability to maintain our efforts to sustain
district wide integration.  To be in compliance with the interpretation given to us by the
Office of Civil Rights, any modification to our original court ordered "Remedy Plan"
must be approved by the court that approved the original "Plan".  We, therefore,
respectfully request your approval of this modification so that we may submit our
magnet proposal in a timely fashion.  Thank you for your consideration.

                                        Very truly yours,

                                        Donald Weber

                                        Donald Weber
                                        Community Superintendent

DW/ptv  *A public hearing will be held in Courtroom
(Federal Courthouse, 225 Cadman Plaza), Brooklyn, N.Y.
102 on Thursday, March 4 at 10ᵒᵒ A.M. to hear any opposition.
Notify the public at the meeting of February 6, 1993 of the Community
School Board. A copy of this order shall be sent to the press. Notify
Mr. Weber that, subject to the hearing on March 4, the School Board approval is hereby*
                                        *So ordered*

APPROVED: ____Jack B. Weinstein____        ____2/5/93____
           JUDGE WEINSTEIN                      DATED

# COMMUNITY SCHOOL DISTRICT 21



DONALD WEBER
COMMUNITY SUPERINTENDENT

February 1, 1993

Honorable Jack B. Weinstein
United States Court House
225 Cadman Plaza East
Brooklyn, New York 11201

RE: 72 CV 1041 (JBW)

**F I L E D**
IN CLERK'S OFFICE
U. S. DISTRICT COURT E.D. N.Y.

★ MAR 19 1993 ★

TIME A.M.
P.M.

Dear Judge Weinstein:

In 1975, you were the presiding judge in the case of Hart vs. the Board of Education. Your decision, in the main, held that Mark Twain Junior High School (239) was unconstitutionally segregated as a result of past actions by the local school board and its predecessors. You also found that the segregated pattern of public housing agencies in Coney Island housing projects was reflected in the racial imbalance at Mark Twain. The "Remedy Plan" submitted by our Community School Board was selected by you over that submitted by the NAACP. The "Remedy Plan" provided that Mark Twain Junior High School be converted into a school for gifted and talented children. Its racial composition would be 70% white and 30% minority, the school district's pupil population ratio at that time. In addition, the "Remedy Plan" provided that all intermediate/junior high schools be integrated as close to that ratio as possible. During the intervening years, we have continued to implement the approved "Remedy Plan". We have carefully monitored the ethnic mix of the school in order to maintain effective integration and prevent racial isolation.

Subsequent to that decision, you approved two (2) modifications that expanded our intra-district free choice/magnet plan to 21 additional designated schools. This has proven highly successful in eliminating, reducing and preventing racial isolation within our district. As a result of our continuing evaluation, the implications of the Chancellor's New School Choice Program, and extensive consultation with parents and staff, we request further modification to our plan to extend the magnet/free choice concept to all District 21 schools. All 28 schools will participate, designated as either sending or receiving schools in our Magnet/Free Choice Program.

345 VAN SICKLEN STREET   •   BROOKLYN, NEW YORK 11223   •   (718) 714-2500   •   FAX: (718) 714-2585
FAX (718) 714-2586



Honorable Jack B. Weinstein                                    Page 2.
February 1, 1993

Therefore, this resolution will be presented to the Community School Board at their next public meeting on February 6, 1993. Since the Board is in total agreement with the concept, approval should be forthcoming. I will send you the documentation of this fact as soon as the vote is taken.

We contacted all interested parties regarding this order and have received no objections.

We intend to reapply for funding under the Magnet Schools Assistance Program for the period of September 1993 through August 1995. We desperately need this monetary support to continue to have the capability to maintain our efforts to sustain district wide integration. To be in compliance with the interpretation given to us by the Office of Civil Rights, any modification to our original court ordered "Remedy Plan" must be approved by the court that approved the original "Plan". We, therefore, respectfully request your approval of this modification so that we may submit our magnet proposal in a timely fashion. Thank you for your consideration.

                                              Very truly yours,

                                              Donald Weber

                                              Donald Weber
                                              Community Superintendent


DW/ptv



APPROVED: _____        3/15/93
          JUDGE WEINSTEIN                         /DATED/

# COMMUNITY SCHOOL DISTRICT 21

DONALD WEBER
COMMUNITY SUPERINTENDENT

March 11, 1993

Honorable Jack B. Weinstein
United States Court House
225 Cadman Plaza East
Brooklyn, New York 11201

RE: 72 CV 1041 (JBW)

Dear Judge Weinstein:

Attached please find a copy of the letter RE: District 21's Magnet Desegregation Plan which we sent to you on February 1, 1993. We are also attaching the approval of our Community School Board on this resolution and a copy of a letter from Central Board indicating their approval as well. In your response to our request, you indicated you would approve our modification if no objections were raised at your March 4th Public Hearing.

We assume that everything is in order and would appreciate a notice of formal approval. We will forward this approval to Washington along with our other approvals in support of our Magnet Grant Application.

Thank you for your continued cooperation in this matter.

Sincerely,

Donald Weber
Community Superintendent

DW/ptv
Attachments



# COMMUNITY SCHOOL BOARD DISTRICT 21
New York City Board of Education

*345 Van Sicklen Street, Brooklyn, New York 11223*
*Telephone (718) 714-2523/2524*

Harry Schwartz, *President*
Domenic M. Recchia, Jr. *Vice President*
Irene Barbaro, *Secretary*
Paul Spirgel, *Treasurer*
Herbert S. Eisenberg
Iris Levine
Sheldon Plotnick
Carmine Santa Maria
Ralph Tarantino

*Community Superintendent*
DONALD WEBER

*Executive Assistant*
LIA CERATO

COMMUNITY SCHOOL BOARD 21K

PUBLIC MEETING

WEDNESDAY – FEBRUARY 10, 1993 – 8:00 P.M.

Public School 95
345 Van Sicklen Street
Brooklyn, N.Y.   11223

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## A G E N D A

1)  Adoption of the Minutes of the previous Public Meeting (January 20, 1993)

2)  President's Report

3)  Superintendent's Report:

    -   Having completed their probationary period, the following
        individuals will be granted tenure:

        | | | |
        |---|---|---|
        | Michael Miller (Principal) | – | P.S. 128 |
        | Charles Stein | – | IS 43 |
        | Susan Oberti | – | P.S. 90 |
        | Elana Wills | – | P.S. 128 |
        | Laura Stropoli | – | P.S. 153 |
        | Linda Oliva | – | P.S. 153 |
        | Jody Reiss | – | P.S. 216 |
        | Maria Losauro | – | P.S. 253 |
        | Carol Sommers | – | IS 303 |

4)  The Community Superintendent presents the following resolutions for consideration:

    A)  RESOLVED, That District 21 accept a grant award of $7,500 for P.S. 216 from
        the 1992 Presidential Awards for Excellence in Science and Mathematics
        Teaching which has been awarded to Margot Banke.

        EXPLANATION:  These monies will supplement other school resources available
        for science and mathematics education, including field trips, purchase of
        special laboratory equipment, purchase of publications etc.

    B)  RESOLVED, That all District 21 schools be designated either as sending or
        receiving schools in our Magnet/Free Choice Program.

        EXPLANATION:  In line with our Master Plan for the Magnet/Free Choice
        Program and the Chancellor's New Schools Choice Program, all District 21
        schools are participating either as receiving or sending schools.  This
        will help us to continue to implement the intent of the Remedy Plan
        promulgated in connection with the Court case – Hart vs. District 21.

# COMMUNITY SCHOOL BOARD DISTRICT 21
New York City Board of Education

*345 Van Sicklen Street, Brooklyn, New York 11223*
*Telephone (718) 714-2523/2524*

Harry Schwartz, *President*
Domenic M. Recchia, Jr. *Vice President*
Irene Barbaro, *Secretary*
Paul Spirgel, *Treasurer*
Herbert S. Eisenberg
Iris Levine
Sheldon Plotnick
Carmine Santa Maria
Ralph Tarantino

*Community Superintendent*
DONALD WEBER

*Executive Assistant*
LIA CERATO

March 1, 1993

To Whom It May Concern:

This is to verify that the following Resolution (4-B) was unanimously

approved at Community School Board 21's Public Meeting held on

Wednesday evening, February 10, 1993:

> RESOLVED, That all District 21 schools be
> designated either as sending or receiving
> schools in our Magnet/Free Choice Program.
> Explanation:  In line with our Master Plan
> for the Magnet/Free Choice Program and the
> Chancellor's New School Choice Program, all
> District 21 schools are participating either
> as receiving or sending schools.  This will
> help us to continue to implement the intent
> of the Remedy Plan promulgated in connection
> with the Court Case - "Hart vs District 21".

The above Resolution was read by Sheldon Plotnick, seconded by
Carmine SantaMaria, and approved by a vote of 7 Yes, 0 No,
2 Absent & Excused (Domenic M. Recchia, Jr. and Paul Spirgel).



## NEW YORK CITY PUBLIC SCHOOLS

JOSEPH A. FERNANDEZ
CHANCELLOR

(718) 706-3976
FAX: (718) 784-3628

March 1, 1993

Mr. Donald Weber
Superintendent
Community School District 21
345 Van Sicklen Street
Brooklyn, New York  11223

Dear Mr. Weber:

The Zoning and Integration Unit has received and completed its review of your proposed plan to update your local desegregation plan to designate P90K, P95K, P97K, P99K, P101K, P212K, P215K, P225K, P226K, P238K, I43K, I96K, I228K, I239K, I281K, and I303K as theme magnet schools.

We are recommending approval of this plan under Chancellor's Regulation A-180.

If you have any questions or are in need of technical assistance, please contact me or Gerald Seegull at 706-3911.

Sincerely,

Fermin S. Archer
Unit Head

FSA:gt

C:  Joseph Fernandez
    Amy Linden
    Rose T-Diamond
    Harry Schwartz
    Gerald Seegull
    Giselle Talenti

DIVISION OF SCHOOL FACILITIES • OFFICE OF STRATEGIC PLANNING
QUEENS PLAZA NORTH • LONG ISLAND CITY, NEW YORK 11101

EXHIBIT B

# COMMUNITY SCHOOL DISTRICT 21

**DONALD WEBER**
**COMMUNITY SUPERINTENDENT**

IN CLERKS OFFICE
U.S. _____ N.Y.

★ APR 8 1998 ★

P.M. _____
TIME A.M. _____

April 8, 1998

Honorable Jack B. Weinstein
United States Court House
225 Cadman Plaza East
Brooklyn, NY 11201

RE: 72CV 1041 (JBW)

Dear Judge Weinstein:

In 1975, you were the presiding judge in the case of Hart vs. the Board of Education. Your decision, in the main, held that Mark Twain Junior High School (239) was unconstitutionally segregated as a result of past actions by the local school board and its predecessors. You also found that the segregated pattern of public housing agencies in Coney Island housing projects was reflected in the racial imbalance at Mark Twain. The "Remedy Plan" submitted by our Community School Board was selected by you over that submitted by the NAACP. The "Remedy Plan" provided that Mark Twain Junior High School be converted into a school for gifted and talented children. Its racial composition would be 70% white and 30% minority, the school district's pupil population ratio at that time. In addition, the "Remedy Plan" provided that all intermediate/junior high schools be integrated as close to that ratio as possible. During the intervening years, we have continued to implement the approved "Remedy Plan". We have carefully monitored the ethnic mix of the school in order to maintain effective integration and prevent racial isolation.

Over the years you have approved modifications to our original Mark Twain "Remedy Plan". All 30 District 21 schools are now included as either federal or state funded magnet schools or as part of our Intra District Free Choice/Magnet Transfer Plan. We are submitting a new Federal Magnet Grant proposal and would like to specify the following schools as possible federally funded magnet schools: IS 43, IS 280, IS 281, IS 303, PS 90, PS 99, PS 100, PS 209, PS 216, PS 225, PS 238, PS 288.

District 21 has been highly successful in eliminating, reducing and preventing racial isolation within our district. As a result of our continuing evaluation, the implications of the Chancellor's New School Choice Program, and extensive consultation with parents and staff, we selected the above mentioned schools to be included in the new proposal. Please be assured that all thirty District 21 schools will continue to participate in our Magnet/Free Choice programs.

---

521 WEST AVENUE • BROOKLYN, NEW YORK 11224 • (718)714-2500 • FAX: (718) 714-2586

Page 2
Judge Weinstein
April 8, 1998

We contacted all interested parties regarding this order and have received no objections.

Funding under the Magnet Schools Assistance Program will be for the period of September 1998 through August 2001. We desperately need this monetary support to continue to have the capability to maintain our efforts to sustain district wide integration. To be in compliance with the interpretation given to us by the Office of Civil Rights, any modification to our original court ordered "Remedy Plan" must be approved by the court that approved the original "Plan". We, therefore, respectfully request your approval of this modification so that we may submit our magnet proposal in a timely fashion. Thank you for your consideration.

Very truly yours,

Donald Weber
Community Superintendent

DW/eh

APPROVED: _____  Date: 4/8/98
Judge Weinstein

EXHIBIT C



# COMMUNITY SCHOOL DISTRICT 21



THEL TUCKER
MMUNITY SUPERINTENDENT

Honorable Jack B. Weinstein
United States Court House
225 Cadman Plaza East
Brooklyn, NY 11201

Re:  72CV 1041 (JBW)

Dear Judge Weinstein:

In 1975, you were the presiding judge in the case of Hart vs. the Board of Education. Your decision, in the main, held that Mark Twain Junior High School (239) was unconstitutionally segregated as a result of past actions by the local school board and its predecessors. You also found that the segregated pattern of public housing agencies in Coney Island housing projects was reflected in the racial imbalance at Mark Twain. The "Remedy Plan" submitted by our Community School Board was selected by you over that submitted by NAACP. The "Remedy Plan" provided that Mark Twain Junior High School be converted into a school for gifted and talented children. Its racial composition would be 70% white and 30% minority, the school district's pupil population ratio at the time. In addition, the "Remedy Plan" provided that all intermediate/junior high schools be integrated as close to that ratio as possible. During the intervening years, we have continued to implement the approved "Remedy Plan". We have carefully monitored the ethnic mix of the school in order to maintain effective integration and prevent racial isolation.

Over the years you have approved modifications to our original Mark Twain "Remedy Plan". All 30 District 21 schools are now included as either federal or state funded magnet schools or as part of our Intra District Free Choice/Magnet Transfer Plan. We are submitting a new Federal Magnet Grant proposal and would like to specify the following schools as possible federally funded magnet schools: PS 253, PS 95, and PS 100.

District 21 has been highly successful in eliminating, reducing and preventing racial isolation within our district. As a result of our continuing evaluation, the implications of the Chancellor's School Choice Program, and extensive consultation with parents and staff, we selected the above mentioned schools to be included in the new proposal. Please be assured that all thirty District 21 schools will continue to participate in our Magnet/Free Choice programs. We contacted all interested parties regarding this order and have received no objections.

Funding under the Magnet Schools Assistance Program will be for the period September 2004 through August 2007. We desperately need this monetary support to continue to have the capability to maintain our efforts to sustain district wide integration. To be in compliance with the interpretation given to us by the Office for Civil Rights, any modification to our original court ordered "Remedy Plan" must be approved by the court that approved the original "Plan". We, therefore, respectfully request your approval of this modification so that we may submit our magnet proposal in a timely fashion. Thank you for your consideration.

Very truly yours,

Ethel Tucker
Community Superintendent

APPROVED                                                    Date: 2/27/04
                Judge Weinstein



### THE NEW YORK CITY DEPARTMENT OF EDUCATION
JOEL I. KLEIN, *Chancellor*

Dr. Dorita Gibson
**Regional Superintendent**

**REGION 7**
715 Ocean Terrace, Building A
Staten Island, New York 10301
718-420-5673

Dr. Laura Feijoo
**Regional Deputy Superintendent**

Satellite Office: 415 89th Street
Brooklyn, New York 11209
718-759-3942

Richard D'Auria
**District 21 Community Superintendent**

April 11th, 2007

Honorable Jack B. Weinstein
United States Court House
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   72CV 1041 (JBW)

Dear Judge Weinstein:

In 1975, you were the presiding judge in the case of Hart vs. the Board of Education. Your decision, in the main, held that Mark Twain Junior High School (239) was unconstitutionally segregated as a result of past actions by the local school board and its predecessors. You also found that the segregated pattern of public housing agencies in Coney Island housing projects was reflected in the racial imbalance at Mark Twain. The "Remedy Plan" submitted by Community School Board 21 was selected by you over that submitted by NAACP. During the intervening years, we have continued to monitor the ethnic mix of the schools in order to maintain effective integration and prevent racial isolation.

Over the years, you have approved modifications to our original Mark Twain "Remedy Plan" to incorporate new or modified schools for purposes of magnet grant funding. We are submitting a new magnet grant application and would like to specify PS/IS 288 as a proposed federally-funded magnet school.

Funding under the Magnet Schools Assistance Program will be for the period September 2007 through August 2010. We need this monetary support to maintain our efforts to improve district-wide integration. To be in compliance with the interpretation given to us by the Office for Civil Rights, any modification to our original court ordered "Remedy Plan" must be approved by the court that approved the original "Plan." We, therefore, respectfully request your approval of this

-continued-

modification so that we may submit our magnet proposal in a timely fashion. Thank you for your consideration.

Very truly yours,

Richard D'Auria
Community Superintendent

APPROVED: _____          Date: 4/11/07
Judge Weinstein