72-CV-1041

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ FEB 2 8 2008 ★
BROOKLYN OFFICE

James I. Meyerson
64 Fulton Street @ Suite # 502
New York, New York 10038
[212] 226-3310
[212] 513-1006
ATTORNEY AT LAW

February 21, 2008

The Honorable Jack B. Weinstein
Senior United States District Judge
Eastern District of New York
United States Courthouse
255 Cadman Plaza East
Brooklyn, New York 11201

RE: Hart, etc., et al. vs Community School Board
    # 21, etc., et al./72 Civ 1041/JBW/EDNY

Dear Judge Weinstein:

    With the Court's permission, I request the opportunity to submit this brief Sur-Reply.

    Counsel for the Plaintiffs and Plaintiff class reiterate that the simpler the Order now being sought by the Defendants the better; and the narrower the Order issued by the Court the more appropriate and the better.

    In substance and notwithstanding what the Defendants' counsel propose is the language which is <u>required</u> to be in any Order issued by this Court, counsel for the Plaintiffs and the Plaintiff class believe that the Order should set forth, in a simple and in a straight forward manner, the following: [<u>a</u>] the Defendants and their successors in interest have fully complied with the terms and conditions of this Court's 1974 desegregation remedial Order; [<u>b</u>] the desegregation of the Mark Twain School has been fully achieved; [<u>c</u>] the case is dismissed and the Court has no further jurisdiction to entertain any other matters within the contours of this litigation.

    The Court should make no ruling or set forth any language in this case which can in any manner or fashion be interpreted or misinterpreted to foreclose the Defendants from utilizing race, among other factors, in any further and future admissions policies utilized by the Defendants in the assignment of

students to the Mark Twain School or any other school for that matter should the Defendants deem such to be a factor which they deem appropriate to utilize in order to achieve a compelling State interest.

Such determination, at this time, is best left to the Defendants discretion as they see fit, henceforth, depending on the State interests, compelling and otherwise, which the Defendants seek to achieve in the implementation of their student admission and assignment policies and practices and how they narrowly structure those policies and practices to achieve their goals and interests, including, primarily, the deliverance of State mandated quality education within the City School District of the City of New York and all that such encompasses including, among other aspects of quality education, a diverse and racially integrated school environment and setting.

Thank you so much for all of your attention herein.

Sincerely yours,

/s/ James I. Meyerson
JAMES I. MEYERSON [JM 4304]
ATTORNEY FOR PLAINTIFF AND PLAINTIFF CLASS
ALONG WITH ANGELA CICCOLO AND VICTOR GOODE
BY:_____

JIM
copy:
Gail Rubin, Esq.            [via fax and e-mail]
Michael Rosman, Esq.        [via e-mail and mail]
Angela Ciccolo, Esq.
Victor Goode, Esq.
Parent Association
Rosemarie Arnold, Esq.
Michael A. Carvin, Esq.
Shat Dvoretsky, Esq.
Nathaniel R. Jones, Esq.

2